UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAKI AKAI XAVIER MAHAMMAD      ]
    Plaintiff,              ]
                               ]    No. 3 10 0723
v.                             ]    (No. 3:10-mc-0091)
                               ]    Judge Trauger
RMSI WARDEN RICKY BELL, et al. ]
    Defendants.             ]

O R D E R

The Court is in receipt of a *pro se* prisoner "Emergency Petition for TRO" (Docket Entry No.1) and an application to proceed in forma pauperis (Docket Entry No.6).

The plaintiff is an inmate at the Riverbend Maximum Security Institution in Nashville. It appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, the plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a)[1].

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the

---

[1] The plaintiff has three strikes against him. However, he has alleged that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Therefore, the Court is allowing him to proceed in forma pauperis.

institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

    (b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Should the plaintiff be transferred from his present place of confinement, the current custodian of his inmate trust account will ensure that a copy of this order follows him to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

The Court has reviewed the petition and finds that it contains claims which are not facially frivolous. 28 U.S.C. § 1915A. Therefore, the Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant named

in this action. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, PROCESS SHALL ISSUE to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is further instructed to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

Aleta A. Trauger
United States District Judge