IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAKI AKAI MAHAMMAD, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:10-00723 |
| | ) JUDGE TRAUGER/KNOWLES |
| RMSI WARDEN RICKY BELL, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Ricky Bell and Sandra Hall. Docket 18. Defendants have filed a supporting Memorandum of Law. Docket No. 19. Plaintiff has not filed a Response to the Motion.

This is a pro se, in forma pauperis action filed by an inmate in the custody of the Tennessee Department of Correction, and housed at Riverbend Maximum Security Institution ("RMSI"). Docket No. 1. Plaintiff did not initially file a "Complaint," nor has he ever filed a "Complaint." Instead, Plaintiff began this action with the filing of a document headed "Emergency Petition Due to Previous Assaults" for TRO due to "imminent danger." Docket No. 1. The Court will treat the Petition as a Complaint.

The style of Plaintiff's Complaint appears to be "In Re: Jaki Akai Xavier Mahammad vs. Tennessee Department of Correction RMSI Warden Ricky Bell, IA, Staff & Gangs." *Id.* In her Order granting Plaintiff leave to proceed in forma pauperis, Judge Trauger stated in part as follows:

> Therefore, the Clerk is instructed to send the plaintiff a service
> packet (a blank summons and USM 285 Form) for each defendant
> named in this action. The plaintiff will complete the service
> packets and return them to the Clerk's Office within twenty one
> (21) days of the receipt of this Order. Upon return of the service
> packets, PROCESS SHALL ISSUE to the defendants. The
> plaintiff is forewarned that the failure to return the completed
> service packets within the time required could jeopardize his
> prosecution of this action.

Docket No. 9, p. 2-3.

Thereafter, Plaintiff apparently completed and returned only two of the summonses, one for Defendant Bell and one for Defendant Hall. Docket No. 13.

The instant Motion is based primarily upon an argument that Plaintiff has failed to state a claim upon which relief can be granted as to either Defendant. Defendants make a number of specific arguments, but it is unnecessary for the Court to address those arguments in detail. As will be discussed below, Plaintiff has clearly failed to offer specific factual allegations necessary to support any of the nebulous claims he has asserted.

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of the cause of action,
> supported by mere conclusory statements, do not suffice . . . . Rule
> 8 marks a notable and generous departure from the hyper-
> technical, code-pleading regime of a prior error, but it does not
> unlock the doors of discovery for plaintiff armed with nothing
> more than conclusions. Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss . . . .
> Determining whether a complaint states a plausible claim for relief
> will, as the Court of Appeals observed, be a context-specific task

2

> that requires the reviewing court to draw on its judicial experience
> and common sense. . . . But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" -
> "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Plaintiff's Complaint is difficult to read and to comprehend. Many of Plaintiff's claims are set forth in run-on sentences that, while they may mention Defendants Bell and Hall, set forth no causes of action against at all Defendant Bell and no actionable causes of action against Defendant Hall.

Defendants Bell and Hall are mentioned in the body of the Complaint as follows:

> For purposes of "screening provision of Prison Litigation Reform
> Act (PLRA) a prisoner states a claim of retaliation under § 1983
> against correctional officers, security supervisors, unit manager
> CCOs, IRCS, counselors and various "designees" of Warden *Ricky
> Bell* when said individual clearly identified in numerous
> grievances, letters, requests, communiques and court papers began
> to go to known dangerous and violent "gang-bangers", "racist
> white supremacists (claiming aryan skin head, klan, n 22; "low-
> riders", militia, biker or christian identity, ep 21) and "gay
> gangstas/aryan queer nation boys" and label prisoner "snitch" and
> tell "inmate workers in e-core/kitchen/trayroom/rockman to put
> chemicals, poison, bodily fluids & psychotropic medication in
> Mahammad's food."
>
> The retaliations of Cpl. Mosley, Cpl. Mosby and unit manager
> *Sandra Hall* includes "ten (10) cell searches in less than 4 weeks",
> numerous "write-ups" threats to "assault, rape and sodimize" me
> by homosexual officers (Moody, Lubin, Muckle, et al) in pods
> with "gay/ayran queer inmates cheerleading" and denying me sick
> call/discussing my medical/mental health problems with inmates;
> opening mailbox (on camera) in C & B pods @ unit III and
> removing my letters to FBI, TBI, Courts, *Warden Bell*,
> Commissioner of TDOC, Governor & news media – and giving to
> informants (on camera); and e-mail: terricampbell@comcast

Docket No. 1, p. 1-2. (Emphasis added).

3

> Since May 1, 2010 I have put in dozen request for photocopies of court papers, documents, motions, petitions, affidavits & exhibits as required by rules of court and court's own "ORDERS" (to serve copies upon all litigants, parties, attorneys and/or attorney generals [state & federal] or risk dismissal) and been denied by RMSI Unit III's manager *Sandra Hall* because she "don't feel like you need copies" and told my counselor Creech "Unit manager said to tell you – you need a court order before we'll make any copies."

Docket No. 1, p. 2 (emphasis added).

> All of these cumulative events, misdeeds, corrupt practices and acts in violation of my civil & constitutional rights occur "under color of law" and impunity due to a reluctant district court (Judge Wm J. Haynes, Jr) allowing injuries & assaults on my person (as recently as Friday, June 4, 2010 several officers knew a white prisoner intended to assault me on way to shower [on camera] and that other white prisoners in pod "paid commissary, tobacco, drugs & money ["put on wire"] for a hit on Mahammad." All this due to Officers Moody, Muckle, Lubin, Miller, McEwlee & Cpl. Mosley "labeling snitch" jacket on me. This is cruel and unusual punishment based upon deliberate indifference of corrections officers, supervisors (Sgt. Nolton, Cpl. Moseley, Cpl. Mosby & Cpl. Kristoff[erson?], et al), Unit Manager *Sandra Hall*, Counselor Creech, "acting IRC" Vetter, Sgt. Dominick Madar (grievance chairman), Sgt. Gregory Leonard (former grievance chairman), STG-Coordinator (unknown-in two years of identifying "gangs"& "STG-activity @ RMSI-this "designee of *Warden*" has never replied to a single request or grievance filed on him by me", Job Coordinator Bill Smith (who continues to "reward racist-white supremacist inmates" with a job: on Saturday, June 12, 2010 the very inmate who "paid" inmate named Garrett #376340 [housed in Unit III @ c-108 cell] was given "yard-job" and taken out of cell; where he promptly told Officer [COI Riggins]: "I got this job so I can move something/shake something and kill that snitchin' bitch in III [my cell location].)" and Warden *Ricky Bell*. Each named individual and others personally participate or aware of incidents and threats, actual physical assaults – with bodily injuries & pervasive racism and "hate crimes" going on under Unit Manager *Sandra Hall's* watch. This satisfies personal involvement a prerequisite for § 1983 liability. 28 U.S.C.A. § 1915A; 42 U.S.C.A. § 1983.

Docket No. 1, p. 3-4.

4

It is obvious that the foregoing allegations, which do not actually allege that Defendant Bell did or failed to do anything, do not state a claim upon which relief can be granted as to Defendant Bell. To the extent that Plaintiff seeks to recover against Defendant Bell because he is the prison warden, there is no respondeat superior liability under § 1983. *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978).

Plaintiff's reference to the "retaliations" of Defendant Hall do not state a claim upon which relief can be granted as to that Defendant. While Plaintiff lists number of circumstances that he apparently avers are "retaliations," he does not specifically aver what Defendant Hall did or did not do (as opposed to Cpl. Mosley or Cpl. Mosby). Each Defendant in a civil action is entitled to know the specific allegations and claims against that Defendant; global references to acts committed by "Defendants" are not sufficient to satisfy that requirement. As the Court stated in *Iqbal*, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 129 S.Ct. 1937, 1948 (2009). *See also Conley v. Gibson*, 355 U.S. 41, 47 (Federal Rules of Civil Procedure require "a short and plain statement of the claim that will give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

Plaintiff's second reference to Unit Manager Hall involves her alleged failure to make copies for him. Obviously, under many circumstances, Defendant Hall's failure to make copies of unidentified and generally-referenced documents may be completely legitimate. The Sixth Circuit has noted, applying *Iqbal*, that "a naked assertion[] devoid of further factual enhancement . . . is not entitled to a presumption of truth." *Center for Bio-Ethical Reform, Inc., et al., v. Napolitano*, Case No. 10-1439, U. S. Court of Appeals for the Sixth Circuit, decided

5

August 4, 2011. Plaintiff's allegations "do not permit the court to infer more than the mere possibility of misconduct," and Plaintiff has not shown that he is entitled to relief. *Iqbal, supra*, 129 St.Ct. at 1950. Moreover, to the extent that Plaintiff complains about not receiving copies of materials filed in Court, he can certainly request those copies from the Clerk of the Court.

Plaintiff's third reference to Defendant Hall involves a lengthy list of complaints and claims, essentially followed up by the statement, "This is cruel and unusual punishment . . . of . . . Unit Manager Sandra Hall . . . ." Again, under *Iqbal*, this allegation fails to state a claim upon which relief can be granted.

Finally, Plaintiff's last reference to Defendant Hall appears to be nothing more than a claim that she was aware of certain incidents, threats, assaults, racism, and "hate crimes," that were "going on under [her] watch." As discussed above, however, there is no respondeat superior liability under § 1983. Moreover, liability "must be based on more than the right to control employees [and] simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daschner,* 349 F.3d 888, 903 (6th Cir. 2003) (citations and internal quotation marks omitted).

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted against either Defendant Bell or Defendant Hall. The undersigned recommends, therefore, that Defendants' Motion to Dismiss (Docket No. 18) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge