IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAKI AKAI XAVIER MAHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:10-0723 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| RIVERBEND MAXIMUM SECURITY ) | |
| INSTITUTION, RICKY BELL, SPR- ) | |
| Riverbend Maximum Security ) | |
| Institution, and SANDRA HALL, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

The undersigned previously submitted a Report and Recommendation (Docket No. 34) recommending that a Motion to Dismiss filed by Defendants Bell and Hall (Docket No. 18) be granted. Judge Trauger has entered an Order accepting that Report and Recommendation and dismissing all claims against Defendants Bell and Hall. Docket No. 37. Judge Trauger's Order also states in relevant part, "The court notes that there is a third defendant remaining in this case, Riverbend Maximum Institution, for whom no summons appears to have been issued." Docket No. 37.

As the undersigned noted in the referenced Report and Recommendation, Plaintiff did not initially file a Complaint, nor has he ever filed a Complaint. Instead, Plaintiff began this action with the filing of a document headed "Emergency Petition Due to Previous Assaults" for TRO due to "imminent danger." Docket No. 1. The undersigned treated the Petition as a Complaint and also noted that the style of the Complaint appeared to be "In Re: Jaki Akai Xavier

Mahammad v. Tennessee Department of Correction RMSI Warden Ricky Bell, IA, Staff & Gangs." Docket No. 34, p. 1.

When Plaintiff submitted his Complaint, he did not pay the filing fee nor did he submit an application to proceed in forma pauperis. The Clerk opened this case on the Court's miscellaneous docket and assigned it Docket No. 3:10-mc-00091. The Clerk typically opens cases on that docket if the case is submitted without the filing fee (and/or before an IFP application is granted.) The Clerk who opened the miscellaneous case apparently read the style of Plaintiff's Petition as including as Defendants "RMSI [, and] Warden Ricky Bell . . . ."[1] The case on the miscellaneous docket was opened as "Jaki Akai Xavier Mahammad v. Defendant Riverbend Maximum Security Institution."

Approximately one week after the Complaint was filed, Judge Trauger entered an Order giving Plaintiff 30 days in which to either pay the filing fee or provide a properly completed and signed application to proceed in forma pauperis. Docket No. 2. The style of this action on that Order is "Jaki Akai Xavier Mahammad Plaintiff, v. RMSI Warden Ricky Bell, et al. Defendants." *Id.*

Approximately three weeks later, on July 21, 2010, Plaintiff submitted a completed "Application to Proceed In Forma Pauperis and Affidavit of Poverty." Docket No. 6. The handwritten style of the case on that application is "Jaki Akai X. Mahammad vs. Ricky Bell, Gayle Raye [*sic*], et al."[2]

---

[1] In preparing the Report and Recommendation, however, the undersigned read the style of the Complaint as suing "RMSI Warden Ricky Bell. . . . ."

[2] Gayle Ray is not mentioned in the style or the body of Plaintiff's Complaint.

On July 29, 2010, Judge Trauger entered an Order granting Plaintiff's Application to Proceed In Forma Pauperis. Docket No. 9. The style of the case reflected in that Order is "Jaki Akai Xavier Mahammad Plaintiff, v. RMSI Warden Ricky Bell, et al. Defendants."

When the application to proceed IFP was granted, the Clerk assigned the case a new number on the Court's civil docket, 3:10-cv-00723. On the docket sheet of that case, Defendants are listed as Riverbend Maximum Security Institution, Ricky Bell, and Sandra Hall.

Additionally, when Judge Trauger granted Plaintiff's application to proceed in forma pauperis, she instructed the Clerk to send Plaintiff a service packet for each Defendant named in the action. The "blank" summons forms in the service packets sent to Defendant contain a typed case style (presumably typed by the Clerk) of "Jaki Akai Xavier Mahammad Plaintiff v. Riverbend Maximum Security Institution, et al. Defendant." Docket No. 13. The Court understands that the Clerk would have sent Plaintiff a service packet for each Defendant listed on the docket sheet. At the time the service packets were mailed to Plaintiff, there were three Defendants listed on the docket sheet: Riverbend Maximum Security Institution, Ricky Bell and Sandra Hall. Insofar as the record shows, Plaintiff completed and returned only two summonses, one for Defendant Bell and one for Defendant Hall. Docket No. 13.

To the extent that Plaintiff intended to sue Riverbend Maximum Security Institution, this action should be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)2(B)(ii). RMSI is a penal institution managed and governed by the Tennessee Department of Correction, which is an administrative department of the State of Tennessee. T.C.A. §§ 4-3-101(5), 4-3-601, T.C.A. § 4-6-102. Thus, RMSI is not subject to suit as a separate entity. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Alexander*

*v. Beale Street Blues Co.,* 10 F. Supp. 2d 934, 947 (W.D. Tenn. 1999). Furthermore, there are no substantive allegations in Plaintiff's Complaint regarding RMSI.

For the foregoing reasons, Plaintiff's claims against RMSI should be DISMISSED.[3]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                    E. Clifton Knowles
                                                                    United States Magistrate Judge

---

[3] Plaintiff's claims against Defendants Bell and Hall have been dismissed by Judge Trauger. Docket No. 37. If Judge Trauger adopts the instant Report and Recommendation, all claims against all Defendants will have been dismissed.